UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

JAMES M. NICHOLSON and
WESTGATE CAPITAL MANAGEMENT, LLC,

      Defendants,

and

WESTGATE ABSOLUTE RETURN FUND, LP,
WESTGATE ALPHA FUND, LP,
WESTGATE EQUITY FUND, LP,
WESTGATE FOCUS FUND, LP,
WESTGATE GROWTH FUND, LP
WESTGATE OPPORTUNITY FUND, LP,
WESTGATE OPPORTUNITY MASTER FUND, LTD.,
WESTGATE PREMIER GROWTH FUND, LP,
WESTGATE SELECT FUND, LP,
WESTGATE STRATEGIC GROWTH FUND, LP, and
WESTGATE SUMMIT FUND, LP,

      Relief Defendants.

---

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/09
```

Case No. 09 CV 1748 (RMB)

### ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

**WHEREAS,** Plaintiff Securities and Exchange Commission ("Commission") has filed a Complaint naming the Defendants James M. Nicholson and Westgate Capital Management, LLC and the Relief Defendants Westgate Absolute Return Fund, LP, Westgate Alpha Fund, LP, Westgate Equity Fund, LP, Westgate Focus Fund, LP, Westgate Growth Fund, LP, Westgate Opportunity Fund, LP, Westgate Opportunity Master Fund, LTD, Westgate Premier Growth

Fund, LP, Westgate Select Fund, LP, Westgate Strategic Growth Fund, LP, and Westgate Summit Fund, LP, (collectively "Hedge Funds") and seeks certain emergency and temporary relief, a preliminary injunction and permanent injunctive and other equitable relief. Specifically, pending a final disposition of this action, the Commission seeks an order:

(i) temporarily restraining the Defendants from violating certain provisions of the federal securities laws;

(ii) preliminarily enjoining the Defendants from future violations of the federal securities laws;

(iii) freezing the assets of the Defendants and Relief Defendants;

(iv) mandating that the Defendants repatriate funds transferred to overseas accounts and to deposit such funds into the Registry of the Court;

(v) requiring that the Defendants and Relief Defendants provide an accounting detailing all of their assets and all funds or other assets received from the Hedge Funds' investors;

(vi) preventing the destruction of evidence; and

(vii) providing for expedited discovery.

**WHEREAS**, upon review of the Complaint, the declarations of David Smyth, Nandkumar Nayar, and plaintiff's counsel and the exhibits attached thereto, and the memorandum of law filed in support of the Commission's application, in accordance with Federal Rule of Civil Procedure 65(b), it appears to the Court that:

(i) the Court possesses jurisdiction over the subject matter of this action and the Defendants;

(ii)  the Commission is a proper party to bring this action seeking the relief sought in its Complaint;

(iii) the Commission has made a sufficient and proper showing in support of the emergency relief granted herein, as required by Section 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-14], Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)], and Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e) and § 78aa] by establishing a prima facie case and a substantial likelihood that the Commission will prevail on the merits;

(iv) unless enjoined by order of this Court, the Defendants likely will continue to engage in acts, transactions, practices, and courses of business constituting violations of Sections 206(1), 206(2) and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2), (4)]; Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(v) unless restrained and enjoined by Order of this Court, the Defendants and Relief Defendants will likely dissipate, conceal or transfer from this Court's jurisdiction assets which may be subject to any relief awarded in this action;

(vi) an accounting is appropriate to determine the disposition of Hedge Funds' investors funds and to ascertain the total assets that should continue to be frozen.

(vii) it is necessary to preserve and maintain the Defendants and Relief Defendants business records from destruction.

(viii) the timing restrictions of Fed. R. Civ. P. 26(d) and (f), 30(a)(2)(C) and 34 do not apply to this proceeding in light of the Commission's requested relief and its demonstration of good cause.

(ix) expedited discovery is appropriate to permit a prompt and fair hearing on the Commission's Motion for Preliminary Injunction.

(x) the public interest is best served by granting the Commission's application for this Order at this time.

**IT IS THEREFORE ORDERED THAT:**

I.

A. The Defendantsare restrained and enjoined from violating Sections 206(1), 206(2) and 206(4) of the Advisers Act [15 U.S.C. §§80b-6(1), (2), (4)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

(1) employing any device, scheme, or artifice to defraud any client or prospective client; or

(2) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

B. The Defendantsare restrained and enjoined from violating Section 17(a) of the Securities

4

Act [15 U.S.C. § 77q(a)], directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, by:

(1) employing any device, scheme, or artifice to defraud; or

(2) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

C. Defendants are restrained and enjoined from violating Section 10(b) of the Exchange Act or Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of any security, by making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(1) to employ any device, scheme, or artifice to defraud;

(2) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

## II.

A. The Defendants and Relief Defendants are hereby restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession,

custody, or control of the Defendants and Relief Defendants, or effecting any sale, gift, hypothecation, or other disposition of any asset belonging to or in the possession, custody, or control of the Defendants and Relief Defendants, pending a showing to this Court that the Defendants have sufficient funds or assets to satisfy all claims and penalties arising out of the violations alleged in the Commission's Complaint or by the posting of a bond or surety sufficient to assure payment of any such claim and penalty. This provision shall continue in full force and effect until further order by this Court and shall not expire.

B.     Defendants and Relief Defendants are hereby restrained and enjoined, in regard to any account at any bank, savings and loan association, savings bank, trust company, securities broker-dealer, commodities dealer, investment company, other financial or depository institution, and investment company in the name, on behalf or for the benefit such defendant, from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court. This provision shall continue in full force and effect until further order by this Court and shall not expire.

C.     All other individuals, corporations, partnerships, limited liability companies, and other artificial entities are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from the Defendants and Relief Defendants without adequate consideration and prior authorization by the Staff of the Commission or this Court ,. This provision shall continue in full force and effect until further order by this Court and shall not expire.

D.     All banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that maintain one or more safe deposit boxes in the name,

on behalf or for the benefit of the Defendants and Relief Defendants are hereby restrained and enjoined, from opening or causing to be opened any safe deposit boxes, without providing the Commission prior notice and opportunity to inspect the contents in order to determine that they contain no assets subject to the Order. This provision shall continue in full force and effect until further order by this Court and shall not expire.

### III.

A. The Defendants and Relief Defendants shall forthwith:

    (1) take such steps as are necessary to repatriate to the territory of the United States all funds and assets of any Defendant, Relief Defendant or investors described in the Commission's Complaint in this action which are held by them, or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of this Court; and

    (b) provide the Commission and the Court a written description of the funds and assets so repatriated.

### IV.

The Defendants and Relief Defendants are hereby required to make an accounting, under oath, within ten days of the issuance of this order or three days prior to any hearing on the Commission's Motion for Preliminary Injunction, whichever is sooner;

    (1) detailing all monies and other benefits which each received and disbursed, directly or indirectly, as a result of the activities alleged in the Complaint (including the date on which the monies or other benefit was received/disbursed and the name, address, and telephone number of the person paying/providing/receiving the money or the benefit);

(2) listing all current assets in which each Defendant and Relief Defendant has any direct or indirect beneficial interest, wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings); and

(3) listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of, Defendants and Relief Defendants (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from August 16, 1999 through the date of the accounting. This provision shall continue in full force and effect until further order by this Court and shall not expire.

The Defendants and Relief Defendants may assert their legal privileges, if any, in response to this paragraph.

V.

The Defendants and Relief Defendants are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any books, records, documents (as defined in Fed. R. Civ. P. Civ. 34(a)(1)(A)), correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to, the Defendants, Relief Defendants, or any entities under their control. This provision shall continue in full force and effect until further order by this Court and shall not expire.

VI.

A. Expedited discovery may take place consistent with the following:

1. Any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for

    inspection and copying from parties prior to the expiration of thirty days after service of a summons and the Commission's Complaint upon Defendants.

  2. All parties may take depositions upon oral examination of parties and non-parties subject to seventy-two (72) hours of service of a written deposition notice. Should the Defendants and Relief Defendants fail to appear for a properly noticed deposition, they may be prohibited from introducing evidence at the hearing on the Commission's request for a preliminary injunction.

  4. All parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request for those documents and things.

  5. All parties shall serve written responses to written interrogatories within seventy-two (72) hours after service of the interrogatories.

  6. Should a party fail to respond to request for admission within seventy-two (72) hours of service, that request may be deemed admitted for all purposes in this action.

B. All parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by the Defendants and Relief Defendants to the Commission by courier service or next-day mail addressed as follows:

    ATTN: Jordan A. Thomas
    U.S. Securities and Exchange Commission
    Division of Enforcement--Trial Unit
    100 F. Street NE, Mail Stop 4030
    Washington, DC 20549
    Direct: (202) 551-4475

FAX: (202) 772-9245

and by delivery to other parties at such address(es) as may be designated by them in writing. Upon agreement of the parties, alternative methods of service, including E-mail and facsimile, may be utilized.

### VII.

A.  Unless extended by agreement of the parties, the portion of this order that constitutes a temporary restraining order shall expire at **5** o'clock **p**.m. on the **11** day of **March** 2009 or at such later date as may be ordered by this Court. All other provisions of this order shall remain in full force and effect until specifically modified by further order of this Court. Unless the Court rules upon the Commission's Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 43(e), adjudication of *a conference concerning* the Commission's Motion for Preliminary Injunction shall take place at the United States Courthouse, **500 Pearl Street**, New York, New York, on the **3** day of **March**, 2009, at **10:30** o'clock **a**.m. **Courtroom 21D. The March 3 conference is principally for further scheduling of this case.**

B.  The Defendants and Relief Defendants shall serve any papers, by courier service or next-day mail, in opposition to the Commission's Motion for Preliminary Injunction and for other relief no later than seventy-two (72) hours before any scheduled hearing on the Motion for Preliminary Injunction. Any such papers should be addressed to:

> ATTN: Jordan A. Thomas
> U.S. Securities and Exchange Commission
> Division of Enforcement--Trial Unit
> 100 F. Street NE, Mail Stop 4030
> Washington, DC 20549
> Direct: (202) 551-4475
> FAX: (202) 772-9245

C.  The Commission shall serve any reply at least twenty-four (24) hours before any hearing on the Motion for Preliminary Injunction by courier service or next-day mail. Upon

agreement of the parties, alternative methods of service, including E-mail and facsimile, may be utilized.

D. If any party to this action intends to present the testimony or any witness at the hearing on a preliminary injunction in this matter, such party shall, at least two (2) business days prior to the scheduled date and time of the hearing, serve on counsel for the other parties a statement of the name, address, telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony.

VIII.

Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure this Order shall be binding on the Defendants, the Relief Defendants and on their officers, agents, servants, employees, and attorneys, including but not limited to all banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that hold one or more accounts in the name, on behalf or for the benefit of the Defendants and Relief Defendants, who receive actual notice of this Final Judgment by personal service or otherwise.

EXECUTED AND ENTERED at 6:05 o'clock p.m. this 25 day of February 2009.
New York, New York

*Richard M. Berman*
UNITED STATES DISTRICT JUDGE

Accepted and stipulated to on behalf of the Defendants and Relief Defendants.

Ira Lee Sorkin, Esq.